UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMIAH BROWN,

        Petitioner,         Case No. 1:06-cv-879

v.        Honorable Wendell A. Miles

MARY BERGHUIS,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to both of the claims raised in his petition. Because Petitioner has more than 60 days remaining in the habeas limitations period, the Court will dismiss the petition without prejudice to enable Petitioner to exhaust his unexhausted claims or to file a new petition including only his exhausted claim.

**Discussion**

I. Factual allegations

Petitioner is incarcerated at the West Shoreline Correctional Facility. In February 2004, he pleaded guilty to one count each of maintaining a drug house, MICH. COMP. LAWS § 337.7405(d); delivery/manufacture of less than 50 grams of a narcotic or other controlled substance, MICH. COMP. LAWS § 337.7401(2)(a)(iv); delivery/manufacture of methamphetamine; MICH. COMP. LAWS § 337.7401(2)(b)(i); and possession of a controlled substance analogue, MICH. COMP. LAWS § 337.7403(2), in the Kent County Circuit Court. In April 2004, the court sentenced Petitioner to incarceration of one to three years on the drug house conviction, eight to thirty years on the narcotic conviction, and eight to thirty years on the methamphetamine conviction. The court later discharged Petitioner's conviction for possession of a controlled substance analogue.

On August 31, 2005, the Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal for lack of merit in the grounds presented. On January 27, 2006, the Michigan Supreme Court denied his application for leave to appeal because the court was not persuaded it should review the questions presented. Petitioner filed a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq*. in the Kent County Circuit Court, which was denied on October 16, 2006. He did not appeal that decision.

Petitioner raises two grounds for habeas relief. First, he contends that the trial court violated his Fifth and Fourteenth Amendment rights when, at sentencing, the court failed to comply with the precise terms of Petitioner's plea agreement. He maintains that although the prosecution and the judge "promised" Petitioner would be sentenced in the "D-2" grid rather than the "E-2" grid and that his sentences would run concurrently; the court sentenced him under the E-2 grid and

ordered that his sentences run consecutively. As his second ground, Petitioner argues that he was denied his Sixth Amendment right to effective assistance of counsel because his attorney failed to object when the court strayed from the terms of the purportedly binding plea agreement at sentencing.

## II. Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). According to his application, Petitioner raised his first ground in both state appellate courts on direct appeal, and in his motion for relief from judgment under Michigan Court

Rule 6.500 *et seq.*; it is therefore exhausted.  Petitioner's second ground, however, is unexhausted. Petitioner raised this ground for the first time before the Michigan Supreme Court on direct appeal.[1] He raised the claim again in his motion for relief from judgment, but never appealed the circuit court's denial of that motion to the Michigan Court of Appeals or the Michigan Supreme Court. Because this claim has not yet been presented to all state courts for review, it is unexhausted.  *See O'Sullivan*, 526 U.S. at 842; *Picard,* 404 U.S. at 275-77.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner may still raise his second ground by appealing the denial of his Rule 6.500 motion to the Michigan Court of Appeals and the Michigan Supreme Court.  *See* MICH. CT. R. 7.205(F).  Therefore, the Court concludes that Petitioner has an available state-court remedy.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court.   The Michigan Supreme Court denied his application on January 27, 2006.  Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The

---

[1] It appears from his application that Petitioner attempted to raise his second ground before the Michigan Court of Appeals, but did not, due to correspondence he had with the court of appeals.  (See Pet. at 3, 6, Ex. A, docket #1).  Despite Petitioner's attempt to raise this issue, it was never presented to the court of appeals and, therefore, is unexhausted.  *See O'Sullivan,* 526 U.S. at 842; *Picard*, 404 U.S. at 275-77.

ninety-day period expired, and thus, the limitations period began to run, on April 27, 2006. Petitioner filed his Rule 6.500 motion for relief from judgment in the circuit court on August 21, 2006. Thus, 116 days of the limitations period had run between the Supreme Court's denial of appeal on January 27, 2006 and Petitioner's Rule 6.500 motion in the circuit court, leaving 249 days remaining in the limitations period.

Because Petitioner appears to have one claim that is exhausted and one that is not, and because he has more than sixty days remaining in the habeas limitation period, his application must be dismissed as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509 (1982). In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Id.; see also Rhines v. Weber*, 125 S. Ct. 1528, 1534-35 (2005). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Because Petitioner has more than sixty days remaining in the limitations period, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted while Petitioner exhausts his second claim for habeas relief. In the alternative, Petitioner may file a new habeas petition at any time before the expiration of the limitations period, raising only his exhausted claim.

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because he has failed to exhaust state court remedies.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of N.Y.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Therefore, the Court denies Petitioner a certificate of appealability.

An Order consistent with this Opinion will be entered.


Dated: February 2, 2007                                         /s/ Wendell A. Miles
                                                                Wendell A. Miles
                                                                Senior U.S. District Judge